# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**June 10, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**JONATHAN SCHREYER,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0049** (BOR Appeal No. 2047411)
                        (Claim No. 2004026436)

**CITY OF WHEELING,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jonathan Schreyer, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The City of Wheeling, by Denise D. Pentino and Aimee M. Stern, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 18, 2012, in which the Board affirmed a June 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 20, 2011, decision granting Mr. Schreyer no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Schreyer worked as a laborer for the City of Wheeling. On December 2, 2003, he injured his neck and lower back in a work-related motor vehicle accident. The claims administrator held the claim compensable for several lower back and neck conditions but specifically excluded spondylosis as a compensable condition. Joseph E. Grady II, M.D., then evaluated Mr. Schreyer and determined that he had no whole person impairment for his cervical spine under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and Cervical Category I of West Virginia Code of State Rules § 85-

1

20-E (2006). He also found that Mr. Schreyer had 8% whole person impairment for his lumbar spine under the American Medical Association's *Guides* and Lumbar Category II of West Virginia Code of State Rules § 85-20-C (2006). On April 16, 2008, the claims administrator granted Mr. Schreyer an 8% permanent partial disability award based on Dr. Grady's recommendation and closed the claim. Mr. Schreyer then applied for an additional permanent partial disability award. His application was evaluated by Charles Werntz III, D.O., who found that Mr. Schreyer had 0% impairment for his cervical spine and 7% whole person impairment for his lumbar spine. On January 20, 2011, the claims administrator granted Mr. Schreyer no additional permanent partial disability award. Bruce A. Guberman, M.D., also evaluated Mr. Schreyer. Dr. Guberman found that Mr. Schreyer had degenerative changes in his lumbar spine, which Dr. Guberman attributed to his compensable injury. He determined that Mr. Schreyer had not reached his maximum degree of medical improvement. Dr. Guberman, nevertheless, determined that Mr. Schreyer's lumbar disabilities fit within Lumbar Category III of West Virginia Code of State Rules § 85-20-C and noted that the 10-13% impairment range provided for that category was greater than Mr. Schreyer's prior award. On June 19, 2012, the Office of Judges affirmed the claims administrator's January 20, 2011, decision. The Board of Review affirmed the Order of the Office of Judges on December 18, 2012, leading Mr. Schreyer to appeal.

The Office of Judges concluded that Mr. Schreyer was not entitled to a greater permanent partial disability award than the 8% previously granted. The Office of Judges found that he had been fully compensated for his injuries related to the December 2, 2003, claim. In reaching this conclusion, the Office of Judges considered the independent medical evaluation of Dr. Guberman, but it found that Dr. Guberman was not consistent in determining that Mr. Schreyer had reached his maximum degree of medical improvement prior to evaluating his permanent impairment. The Office of Judges also found that Dr. Guberman's recommendation included impairment percentages for non-compensable degenerative conditions. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Schreyer requests a 13% permanent partial disability award for his lumbar spine and a 6% award for his cervical spine. In the alternative, Mr. Schreyer requests that the case be remanded for an additional independent medical evaluation.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Schreyer has not demonstrated that he is entitled to any additional permanent partial disability award related to his compensable injury. Mr. Schreyer was previously granted an 8% permanent partial disability award. The evidence in the record shows that this award fully compensated him for his injury. Dr. Guberman's impairment evaluation is not sufficiently consistent and reliable to justify granting Mr. Schreyer an additional award. The remainder of the record shows that Mr. Schreyer is not entitled to any additional permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3